IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISON

| | | |
|---|---|---|
| SUSAN OLNEY, | : | Civil Action No. |
| Plaintiff, | : | |
| vs. | : | |
| ASSET ACCEPTANCE L.L.C., | : | |
| Defendant. | : | |

COMPLAINT

Plaintiff Susan Olney, by her attorney Ray Johnson, for her claims against the Defendant states:

I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Susan Olney, is a natural person now residing in Solon, Iowa.

4. Defendant, Asset Acceptance L.L.C. (hereinafter "Asset Acceptance") is a debt collector engaged in the business of collecting debts in the state of Iowa.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. Asset Acceptance is attempting to collect an alleged debt from Ms. Olney on an open account in which the last payment was made on or about July 8, 1991. The statute of limitations has expired on the alleged debt. Asset Acceptance regularly purchases aged debt at deeply discounted prices and then attempts to collect these alleged debts that the statute of limitations has expired on.

7. On July 1, 2006, Asset Acceptance was notified that Ms. Olney was being represented by an attorney and that all further contacts with her should cease immediately.

8. On or about July 20, 2006, Asset Acceptance once again contacted Ms. Olney in an attempt to collect the alleged debt even though they knew, or should have known that she was being represented by an attorney and that she was disputing the debt.

### V. FIRST CLAIM FOR RELIEF

9. All facts and allegations of this Complaint are incorporated herein by reference.

10. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692(e)(2) by making a false representation regarding the character, amount, or legal status of a debt.

    b. Defendant violated 15 U.S.C. § 1692(f)(1) by collecting or attempting to collect an amount not permitted by law.

    c. Defendant violated 15 U.S.C. § 1692c(a)(2) by contacting the Plaintiff when it was known, or should have been known, that she was being represented by an attorney.

11. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## VI. SECOND CLAIM OF RELIEF

12. All facts and allegations of this Complaint are incorporated herein by reference.

13. Ms Olney's alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

14. With regard to attempts to collect from Ms. Olney as alleged herein, Asset Acceptance was a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

15. Defendant violated the State Act. The foregoing acts, omissions and practices of Asset Acceptance were violations of Iowa Code § 537.7103, including but not limited to:

    a. Defendant violated Iowa Code § 537.7103(5)(e) by contacting the plaintiff when it was known, or should have been known, that she was being represented by an attorney.

    b. Defendant violated Iowa Code § 537.7103(4)(e) by making a representation which tends to create a false impression of the character, extent or amount of a debt.

   c. Defendant violated Iowa Code § 537.7103(1)(f) by taking an action, or threatening to take an action prohibited by Iowa Code chapter 537.7103 or any other law.

16. As a proximate result of the unfair debt collection, Ms. Olney has suffered actual damages and injury for which she should be compensated in an amount to be proven at trial.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

   A. Actual damages;

   B. Statutory damages pursuant to 15 U.S.C. § 1692k.

   C. Statutory damages pursuant to Iowa Code § 537.5201(1).

   D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

   E. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

*/s/ Ray Johnson*

RAY JOHNSON
PK2868344
Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com